JESSE ALLUM *v.* EBENEZER STOCKBRIDGE AND WIFE.

CHANCERY PRACTICE. *Relief granted different from that specially prayed for. When.* Relief may be granted under the general prayer of a bill in chancery different from that specially prayed for when it is consistent with the facts alleged and proven, if it does not take the defendant by surprise.

Case cited: Rose *v.* Mynatt, 7 Yer., 37.

FROM GREENE.

Appeal from the Chancery Court. H. C. SMITH, Chancellor.

PETTIBONE & ROBINSON for complainant.

McFARLAND, BARTON & McKEE for defendants.

NICHOLSON, C. J., delivered the opinion of the court.

Jesse Allum owned a mare, and Ebenezer Stockbridge's wife owned eleven acres of land. After the usual preliminary negotiations they agreed upon a trade. Stockbridge's wife was to take Allum's mare, and to make him a fee simple deed for the land. By way of closing the trade, Mr. Stockbridge executed a bond, in the penalty of $220, for the execution of a fee simple deed by the 1st of June, the bond being dated on the 19th of March, 1868. Upon the execution of this bond Mr. Stockbridge took possession of the land. It appears that Mr. Stockbridge was cognizant of the negotiations, was present at some of the interviews, but declined to take any active part, but prepared the bond and signed it as a witness.

Some three months after the execution of the bond, to-wit: in June, 1868, Mr. Stockbridge wrote a deed in fee simple for the land, which was signed by his wife, and delivered to Allum, but Mr. Stockbridge did not sign the deed, nor was the execution proven or acknowledged as in the case of deeds of married women, but it was proven by the subscribing witness and registered. The consideration of the deed is stated to be $125 paid.

It turned out that the mare sickened and died in the summer or fall of 1868, and Stockbridge and his wife, by some means not fully explained, got possession of the land.

Thereupon Allum, who is an illiterate colored man, made free by the war, files his bill, alleging that the deed made to him is void, but he supposes the title bond was valid. He alleges that it was signed by Stockbridge and wife, and that he gave it up to them when he received the deed. He calls on them to answer, but he excuses their oaths, and requires them to produce the title bond. He prays that the court will decree him a good title in fee simple, divested of any cloud by reason of the legal effect of Mr. Stockbridge's coverture, etc., and if he has in aught mistaken his remedy, he prays for such other, further, or different relief as he is in equity and good conscience entitled to, and for general relief.

Stockbridge and wife answer, and give substantially the same account of the trade already detailed, but they say that Allum represented the mare to be sound, but that Mr. Stockbridge discovered in four or five months that she was between twenty-five and thirty years old; that she declined and weakened until finally she died. They say she was worthless, at least not worth more than the rent of the land for the year that Allum occupied it.

The case was heard on bill, answer, and exhibits.

Chancellor Smith held that the title bond and deed were both void, and therefore he refused the specific relief prayed for; but under the general prayer he gave Allum a decree for $125 as the value of the mare, and made it a lien on the land.

The correctness of the deed, so far as it declares the title bond and deed void, is not questioned by

either side, but it is insisted for defendants that it was error, under the pleadings, to rescind the trade, and give judgment against defendants for the value of the mare.

It is a general rule, both at law and in equity, that a party must recover according to his allegation. But this rule is not so strictly enforced in equity as at law. *Rose* v. *Mynatt,* 7 Yer., 37.

It was said in the case of *Nealson* v. *McCarthen,* 16 Peters, 182, that under the prayer for general relief, particular relief may be had, but the relief is only as the case stated and the proofs sustaining it justify.

In Mitford's Pleading, p. 41, in the notes, it is laid down as the result of numerous cases cited, that under a general prayer, though a prayer for specific relief be added, yet relief inconsistent with that specially prayed for, if consistent with the case and the proof, may be granted, provided the defendant is not surprised or prejudiced.

Under these authorities, to justify relief different from that specially prayed for under the general prayer, the relief granted must be consistent with the facts alleged and proven, and it must not take the defendant by surprise.

In the case before us, the special relief prayed for is the specific performance of the contract evidenced by the title bond, but this relief cannot be given, because, according to the allegations of the bill, the title bond was executed by a married woman, and was therefore void.

But the bill contains a general prayer for such relief as the facts may make it prefer. It is clear that the facts alleged in the bill, and admitted in the answer, show that defendants obtained the mare of complainant as the consideration for the land; that the bond for title, as well as the deed executed by Mrs. Stockbridge, is void. This makes it a clear case for rescinding the contract, and placing the parties as nearly in *statu quo* as is practicable. If the mare was alive there would be no difficulty in restoring the parties to their former *status*. As the mare is dead, equity requires that defendants should account for her value, with interest, and that complainant should account to defendants for the reasonable rental value of the land for the year occupied by him, less such permanent improvements as enhanced its value.

But it is said that such a decree would operate to the prejudice of defendants, because it assumes that the mare was worth $125, when the defendants in their answer denied that she was worth that amount, but alleged that she was unsound, old, and worthless. But the answer is not evidence—the oath being waived —and only makes an issue with complainant on the proof. Complainant makes an exhibit of a deed, executed by Mrs. Stockbridge three months after the trade, written by her husband, and expressly "under his coverture," in which the land is conveyed to complainant, and the consideration expressed is $125 paid. The answer admits the execution of the deed, and that the mare was the consideration therefor.

The presumption then is, that the parties valued

the mare at $125, and there is no proof rebutting their presumption. All that defendants answer as to the mare being unsound, old, and declining, is in avoidance, and is not sustained by proof.

It results that the decree rendered is consistent with the facts alleged and proven, that it can operate no surprise or prejudice to defendants. With the modification that the reasonable rental value of the land, as already stated, be deducted from the value of the mare, and interest, the decree will be affirmed, and the costs of this court divided.